WERDEGAR, J., Dissenting.
I respectfully dissent. I agree with the dissenting opinion by Justice Liu that under the circumstances of this case no appellate deference is due the trial court’s determination the prosecutor’s peremptory challenges were exercised on nondiscriminatory grounds (dis. opn. of Liu, J., post, at pp. 699-700); I agree as well that an independent review of the record discloses a likelihood that as to at least two African-American women called as prospective jurors, the prosecutor engaged in *699 purposeful discrimination in exercising his challenges, in violation of Batson v. Kentucky (1986) 476 U.S. 79 [90 L.Ed.2d 69, 106 S.Ct. 1712] and People v. Wheeler (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748] (dis. opn. of Liu, J., post, at pp. 717-725). Unlike my colleague in dissent, however, I find it unnecessary to suggest that in general no deference is owed a trial court’s credibility determination unless the court has made explicit findings upholding the prosecutor’s stated reasons for exercising a challenge in light of all the circumstances bearing on the question of discrimination. (See id. at pp. 710-713, 716.) The egregious circumstances of the present case—the trial court’s acknowledged inability to evaluate the prosecutor’s primarily demeanor-based explanations due to lack of notes or recollection, the court’s resulting determination that it could “only go by what [the prosecutor] is saying,” and the court’s supporting observation, purportedly based on its own experience, that in general “. . . Black women are very reluctant to impose the death penalty . . .”—amply establish that the trial court failed to make the “sincere and reasoned attempt to evaluate each stated reason” required for appellate deference under People v. Silva (2001) 25 Cal.4th 345, 386 [106 Cal.Rptr.2d 93, 21 P.3d 769]. What deference would be appropriate when the trial court has denied the motion without explicit findings regarding the prosecutor’s explanations, but without giving positive indications it has failed to carefully scrutinize those explanations, is a question for another day.